UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 07-153 |
| ALFRED KNOX, #30194-034 | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is the application of defendant, Alfred Knox, who petitions for relief pursuant to 28 U.S.C. §2255. Knox also seeks an evidentiary hearing in connection with his application.

### **I. BACKGROUND FACTS**

Knox was named a defendant in a two count indictment, returned on May 2, 2007, which charged him with conspiracy to possess with the intent to distribute five grams or more of cocaine base as well as possession with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §846 and 21 U.S.C. §841(b)(1)(B), respectively. On November 7, 2007,[1]

---

[1] At sentencing, defense counsel argued against the assignment of a leadership role to Knox for this crime, and further presented testimony regarding her client's personal history and current circumstances in an attempt to mitigate punishment.

1

Knox appeared before the undersigned and entered a plea of guilty to the two count indictment. On February 27, 2008, he was sentenced to be incarcerated for a term of 188 months.

On April 27, 2009, Knox filed this "Motion to Vacate, Set Aside or Correct Sentence" under 28 U.S.C. §2255. He claims that, as a result of ineffective assistance of counsel, his attorney "did not investigate the case", "encouraged defendant to plea (sic) guilty", "never advise (sic) defendant of a prescriptive period to withdraw guilty plea or appeal", and that "counsel failure to litigate." Knox contends that, had counsel investigated further, she would have determined that a "fictitious and fraudulent statement was made by Detective Paul Toye and Agent Jeffrey Giroir in order to obtain search warrant", and that "the affidavits failure to recite that defendant wasn't presence (sic) at the residence during the surveillance of the control purchase by the untested admitted drug addict constitutes intentional and material misrepresentation by omission."

## II. LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions.[2] In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's

---

[2]*See McMann v. Richardson*, 397 U.S. 759, 711 n.14 (1970) (6th Amendment right to counsel is right to effective assistance of counsel).

performance fell below an objective standard of reasonableness[3] and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding.[4] A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.[5] In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.[6]

Under the performance prong of *Strickland*, there is a "strong presumption"[7] that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."[8] Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted

---

[3]*See Strickland*, 466 U.S. at 687-88; *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000) (judicial scrutiny of counsel's performance must be highly deferential, given "strong presumption" that counsel's conduct was reasonable professional conduct).

[4]*See Strickland*, 466 U.S. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 396-99 (2000).

[5]*See* 466 U.S. at 697; *see*, *e.g.*, *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001) (court need not address *Strickland*'s performance prong because defendant could not show prejudice).

[6]*See* 466 U.S. at 690 (court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of reasonable professional judgment"); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[T]he right to effective assistance of counsel. . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial.")

[7]In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. *See Strickland*, 466 U.S. at 692 (1984). The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." *See id; Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). In these situations, prejudice is so likely to occur that a case-by-case inquiry is unnecessary. The circumstances for presuming prejudice are not present herein. *See Strickland*, 466 U.S. at 692; *see also U.S. v. Cronic*, 466 U.S. 648, 658 (1984).

[8]*Strickland*, 466 U.S. 668, 689 (1984).

according to the defendant's restrictions on strategy,[9] when the defendant failed to provide counsel with complete and accurate information,[10] or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."[11]

Since prejudice is not presumed, the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable."[12] This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors.[13] However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him." In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performance, a reasonable probability exists

---

[9]*See, e.g.*, *Moore v. Johnson*, 194 F.3d 586, 607 (5th Cir. 1999) (counsel's purported failure to expend pretrial resources in an effort to unearth evidence that may have contradicted defendant's alibi defense was not ineffective assistance because defendant chose and insisted on alibi defense).

[10]*See e.g.*, *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) (counsel's failure to avoid eliciting damaging testimony from defense witness was not ineffective assistance because defendant did not inform counsel he molested daughter).

[11]*Nix v. Whiteside*, 475 U.S. 157, 166, 171 (1986) (counsel provided effective assistance by preventing defendant from committing perjury).

[12]*Strickland*, 466 U.S. at 687. Unlike the performance prong of the *Strickland* test, which is analyzed at the time of trial, the prejudice prong of the *Strickland* test is examined under the law at the time the ineffective assistance claim is evaluated. *See Lockhart v. Fretwell*, 506 U.S. 364, 367-68 (1993).

[13]*See Williams v. Taylor*, 529 U.S. 362, 391-93 (2000). To prove prejudice, the defendant must establish a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. The Court has rejected the proposition that the defendant must prove more likely than not that the outcome would have been altered. *See id.; see also Woodford v. Viscotti*, 537 U.S. 19, 22-23 (2002).

that the defendant would not have pleaded guilty and would have insisted on a trial.[14] Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.[15]

    **B.**    <u>**Claimed Grounds for Relief**</u>

        **(1)**    **Defense counsel allegedly did not investigate the case.**

In making this claim, Knox fails to state specifically what or how counsel should have investigated the case, except to state that he was not at the subject residence on Wednesday, April 18, 2007, around 12 noon, when a controlled purchase was allegedly made. Although this might, at first blush, appear to be an important "fact" if true, Knox certainly was aware of it at the time of his rearraignment, wherein he was asked about his satisfaction with counsel (to which he responded affirmatively); and this Court's questioning about the Factual Basis which Knox signed, which sets forth all of the conduct which constitutes the elements of the crime charged for which Knox pleaded guilty. In fact, the undersigned inquired of defense counsel whether she had had adequate opportunity to investigate the facts and the law applicable to this case as well as any defenses Knox might enjoy, to which she responded affirmatively (Rearraignment Transcript, p. 17, lines 13-19); the Court then asked Knox whether he had any questions or comments concerning her answers, to which he responded in the negative (Rearraignment Transcript, p. 18, lines 21-24). Making a

---

[14]*See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see e.g. Daniel v. Cockrell*, 283 F.3d 697, 708 (5th Cir. 2002).

[15]*See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

5

generalized allegation of "failure to properly investigate" does not, in and of itself, constitute grounds for relief under the *Strickland* standard.

**(2)    Defense counsel allegedly encouraged defendant to plead guilty.**

Next Knox claims that his attorney encouraged him to enter a guilty plea, which he asserts was erroneous "when its (sic) evident that Alfred Knox didn't have anything to do with the sale of any crack cocaine." This, however, again belies the information asserted in the Factual Basis, which Knox testified under oath that he had read completely, and had conferred with counsel prior to signing. Knox further confirmed, on the Court's questioning, that he understood the government's evidence set forth in the Factual Basis, and agreed that the conduct described therein was, in fact, what he did.

Moreover, the undersigned specifically questioned Knox as to whether he was pleading guilty because he was, in fact, guilty of the crime charged (Rearraignment Transcript, p. 11, lines 15-18; p. 15, lines 1-5); and that he understood the government's evidence and agreed that such as described in the Factual Basis was in fact true (Rearraignment Transcript, p. 16, line 19 through p. 17, line 9). Thus, in light of the defendant's admissions on the record under oath, any encouragement by defense counsel that the defendant should plead guilty appears to be quite well founded, and actually operated to the defendant's benefit at the time of sentencing such that he could receive credit pursuant to U.S.S.G. § 3E1.1B. Indeed, had counsel insisted that defendant should contest his guilt, and encouraged Knox to go to trial, this would no doubt have given grounds for Knox to file a complaint for ineffective assistance in the face of the defendant's guilt. Second guessing the advice of counsel to enter a plea, especially once the sentence is known, does not establish a violation of the *Strickland* standard.

### (3) Defense counsel allegedly did not advise defendant of a prescriptive period to withdraw his guilty plea or appeal.

Knox's complaint in this regard presupposes that, had he timely filed such a motion or appealed, he would have received relief. Of course, it is well established that there is no absolute right to withdraw a guilty plea, *United States v. Grant,* 117 F.3d 788, 789 (5th Cir. 1997). Further, pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure, the Court may permit a defendant to withdraw a plea if the defendant "shows any fair and just reason", which Knox has failed to provide here. Seeking to withdraw his plea after he has been sentenced, simply because the defendant so desires, is obviously insufficient grounds for considering such a withdrawal. *See United States v. Glinsey,* 209 F.3d 386 (5th Cir. 2000); *United States v. Hoskins,* 910 F.2d 309 (5th Cir. 1990).

Moreover, as part of his rearraignment colloquy, Knox agreed that he waived any appellate rights with regard to his conviction. (Rearraignment Transcript, p. 6, line 22 through p. 7, line 18).

### (4) Defense counsel's alleged failure to litigate.

Knox does not specifically state what is meant by his counsel's "failure to litigate"; it is assumed that the above described conduct (ie., not investigating the case, encouraging a guilty plea) constitutes Knox's complaint of "failure to litigate." For the reasons stated hereinabove, this grounds for relief is also rejected.

### (5) Knox's complaints about the affidavits upon which the search warrant was granted.

Knox states that his counsel should have discovered that a "fictitious and fraudulent statement was made by Detective Paul Toye and Agent Jeffrey Giroir in order to obtain a search

warrant", and that the affidavits' "failure to recite that defendant wasn't presence (sic) at the residence during the surveillance of the controlled purchase by the untested admitted drug addict constitutes intentional and material representation by omission." This complaint falls within the broad scope of Knox's original argument, that his counsel allegedly failed to adequately investigate this case and any defenses that Knox might have had, including this issue with regard to incorrect information in the affidavits. For the reasons stated hereinabove, Knox is not entitled to relief based upon this allegation either. The warrants themselves were available to counsel and Knox. Moreover, although Knox does not state specifically what information in the affidavits was patently false, the evidence as set forth in the Factual Basis suggests that the conviction was not based entirely upon the warrant. In opposition to this application, the Government has stated that it was prepared to present DEA agents who would have testified that they observed Knox driving to and from 1933 Fourth Street on numerous occasions during their surveillance of the residence. Co-defendant Delores Woods would have testified that Knox provided her with cocaine base as long as she sold it for him out of the residence on Fourth Street, and that the cash proceeds of such sales were delivered to Knox. Lastly, the testimony of two informants would have been presented, advising the jury that each had purchased cocaine base numerous times from Knox, at the Fourth Street residence.[16] Thus, although Knox has failed to demonstrate that there were any inaccuracies or falsehoods in the subject affidavits, the government's case clearly would have withstood such attacks, such that the defendant's guilt would have clearly been shown, as he later admitted in writing at the time of his rearraignment.

---

[16]The agents also would have testified that Knox was found at the residence inside a bathroom, where he had on his person 46 grams of crack cocaine in a plastic bag and $250 cash.

## CONCLUSION

Counsel's conduct does not fall below the *Strickland* standard and Knox has failed to demonstrate that his rights were compromised by ineffective assistance of counsel. For the above stated reasons, the Court determines that an evidentiary hearing in connection with this application is unnecessary; and that the application of the defendant, Alfred Knox, for relief pursuant to 28 U.S.C. § 2255, be and is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of July, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Judge**